## IN THE MATTER OF THE ESTATE OF MARY H. CATHCART, DECEASED.

## No. 1737.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. E. K. MASSEE, JUDGE.

ARGUED MARCH 17, 1927.                    DECIDED MARCH 18, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

COSTS—*security for.*

> The denial of a motion that the contestant of a will be required to furnish security for costs is an abuse of discretion when no facts or circumstances appear which would have justified the denial of the motion and when the undisputed facts and circumstances are such as to require the granting of the motion as a matter of justice and equity.

OPINION OF THE COURT BY PERRY, C. J.

The executrix named in the last will of Mary H. Cathcart presented the will to the probate court with a petition in the usual form, praying for its admission to probate and for the issuance of letters testamentary. Subsequently Alexander Cathcart, brother-in-law of the deceased and beneficiary under an earlier will, entered his appearance and instituted a contest of the document offered for probate by the petitioner. The proponent of the will moved that the contestant be required to give security for costs in the amount of $1000. The motion was denied. Upon an interlocutory appeal to this court it was held that the circuit judge sitting in probate had the power under our statute to require a bond for costs in such a case as this and that the trial judge had proceeded upon a mistaken view of the law laid down in the case entitled *Estate of Afong,* 26 Haw. 337, and had not in fact exercised the judicial discretion vested in him

by law in denying the motion. The ruling appealed from was therefore reversed and the cause was "remanded to the trial judge with instructions to consider the material circumstances of the case and then to rule upon the motion in the exercise of a judicial discretion." Thereafter the trial court, after a hearing, again denied the motion and from that ruling the case again comes to this court upon the interlocutory appeal of the petitioner.

The formal order entered by the circuit judge and entitled "Ruling on Motion for Security for Costs" recites the presentation of the motion and the hearing thereon and then sets forth that "upon due consideration of said motion and the arguments of counsel, the court, in the exercise of its discretion, under the facts and circumstances of this case, denies the motion for security for costs from the contestant herein." This is a bare statement of the legal conclusion reached and throws no light whatever on the question of what the facts or circumstances were which moved the court to deny the motion. The only facts disclosed by the record, other than the filing of the petition and of the contest as above noted, were those set forth in an affidavit filed by the petitioner in support of her motion. Those facts are that the contestant is a resident of St. Paul in the State of Minnesota and that he has no property or assets in the Territory of Hawaii; that it will be necessary in litigating the issues presented by the petition to take the depositions of various witnesses in St. Paul and in San Francisco, Los Angeles and Livermore in the State of California; that before the depositions can be taken it will be necessary to secure and have counsel in the various cities and localities mentioned; that numerous witnesses in Honolulu will be subpoenaed and asked to testify; and that taxable costs in excess of $1000 will be incurred in preparing for and conducting the trial. Although this

showing by affidavit was made concurrently with the filing of the motion, no offer of proof by affidavit or otherwise was made by the contestant, either in connection with the first hearing of the motion or in connection with the second hearing. The above-recited facts remain undisputed to this day. From the stenographer's report of the remarks of the trial judge, made in the course of the second hearing, it appears that the court had in mind as reasons for its ruling, first, that it was incumbent upon the proponent to prove the validity of the will and, second, that if the proponent should fail in establishing the will presented by her she would not be required to pay costs out of her own separate estate and therefore, presumably, that a similar immunity from costs would attach to the contestant if he should fail in his contest. No other reason was mentioned by the judge in denying the motion.

Counsel for the appellee suggests the additional ground that the contestant was a petitioner in regard to the earlier will just as the appellant was a petitioner in regard to the latter will. This suggestion, however, has no foundation in fact, for while the contestant has filed a contest or statement of his reasons why the will offered by the petitioner should not be admitted to probate, he has not presented any petition asking that the earlier will be declared to be the last will of the decedent. In the course of his oral statement, as in the formal order already referred to, the trial judge said that he was ruling upon "the circumstances of the case" and "in the exercise of discretion." No facts or circumstances appear from the record, other than those set forth in the affidavit filed in support of the motion, which could have any possible bearing upon the question of whether the motion should be granted or denied. The undisputed facts are all such as to require the granting of the motion

as a matter of justice and equity. The contestant is a resident of Minnesota. He has no property within the Territory of Hawaii. The taxable costs will exceed $1000 in amount. Without a bond it would seem to be a certainty that no actual recovery of costs can be had in Hawaii from the contestant even if it shall be judicially adjudged at the close of the case that he should pay them. The requirement of the bond at this time is not an adjudication that the contestant should pay the costs. It is merely placing the petitioner in a position which will enable her to recover her taxable costs if it shall be hereafter adjudged that she is entitled to them.

In the former decision of this court it was held that it was still legally possible for the contestant to be charged with the costs of this case. Whether the burden is upon the petitioner to prove the absence of undue influence and other fraud or upon the contestant to prove the existence of fraud is entirely immaterial. The statute authorizes the court to require security for costs from a defendant as well as from a plaintiff. The purpose of the statute is merely to authorize the court to require assurance that the costs will be met by the party against whom they may be ultimately taxed.

Under the circumstances above recited it must be deemed in law that in the ruling appealed from there was an abuse of discretion. The ruling and order appealed from are reversed and set aside and the cause is remanded to the trial court with instructions to enter an order requiring the contestant to file a bond, with sufficient surety, for costs in the sum of $1000, within a reasonable time to be fixed in the order.

*M. E. Winn* (*Thompson, Cathcart & Beebe* with him on the briefs) for proponent.

*F. Schnack* (*Schnack & Tracy* on the brief) for contestant.